**Harjeet KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71986.

Agency No. A76–854–433.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2003.*

Decided Oct. 30, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2)(C).

Rohit K. Dharwadkar, Rai and Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Office of Immigration Litigation, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Harjeet Kaur, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing Kaur's appeal from a decision of an Immigration Judge ("IJ") denying her applications for asylum and withholding of removal. Kaur contends that the IJ erred in finding her not credible and in finding her ineligible for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

Where the BIA conducts a de novo review of the record and makes an independent determination of whether relief is appropriate, we review the decision of the BIA, not of the IJ. *Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). Where, however, the BIA incorporates the decision of the IJ, adopting the IJ's findings and reasoning, we review the IJ's decision. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Finally, where the BIA "adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000); *see also Rodriguez–Roman v. INS,* 98 F.3d 416, 425 n. 11 (9th Cir.1996) (reviewing both the IJ's and the BIA's decisions, even though the BIA clearly adopted the decision of the IJ, because the BIA also added three paragraphs of its own reasoning).

■ The government argues that the BIA conducted a de novo review and that we accordingly must review only the BIA's decision and not reach the many challenges to the IJ's decision raised by Kaur. We disagree. It is true that the BIA "did not explicitly adopt the IJ's decision." *Chand v. INS,* 222 F.3d 1066, 1072 (9th Cir.2000). However, "[t]he BIA's opinion ... cannot be mere 'boilerplate' and must

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

describe with 'sufficient particularity and clarity the reasons for denial of asylum.'" *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998) (quoting *Shirazi–Parsa v. INS*, 14 F.3d 1424, 1427 (9th Cir.1994)).

Here, the BIA gave no reason for agreeing with the IJ that Kaur failed to establish past persecution or a well-founded fear of future persecution on account of a statutorily-enumerated ground. Nor did the Board address the IJ's adverse credibility finding. We therefore address both decisions.

The IJ's credibility finding is accorded "substantial deference," but "only if the IJ has made an express credibility finding and has offered a 'specific, cogent reason for any stated disbelief.'" *Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003) (quoting *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994)). "'The IJ must not only articulate the basis for a negative credibility finding, but those reasons must be substantial and bear a legitimate nexus to the finding.'" *Id.* (quoting *Aguilera–Cota v. United States INS*, 914 F.2d 1375, 1381 (9th Cir.1990)).

█ Many of the reasons cited by the IJ for finding Kaur not credible are not legitimate or substantial.[1] For example, the IJ reasoned that Kaur "did not persuasively explain how she was beaten and tortured as well as being raped." Yet, Kaur testified that the police slapped her, "gave [her] beatings with their hands," and raped her at gunpoint. As in *Cordon–Garcia v. INS*, 204 F.3d 985 (9th Cir.2000), in which the BIA stated that the petitioner had not described her beating with enough

specificity, "[i]t is unclear what level of specificity the [IJ] expects." *Id.* at 991.

Moreover, we have "repeatedly held that it is error to rest a decision denying asylum on speculation and conjecture." *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000); *see also Maini v. INS*, 212 F.3d 1167, 1175 (9th Cir.2000) (rejecting the IJ and BIA's conclusion that the record did not show persecution because it was based on "conjecture and speculation" regarding how the alleged persecutors should have acted). The IJ's surprise that the police would drive Kaur to a home within walking distance of the prison and have a driver there who could be a potential witness to the rapes is based on speculation and conjecture regarding how the police should have acted. The IJ's skepticism that Kaur would not have had time to open her clinic, treat patients, and be involved in Akali Dal Mann similarly is based on speculation.[2] Thus, many of the IJ's reasons for finding Kaur not credible are not supportable.

The BIA, however, did not address the IJ's adverse credibility finding. We remind the BIA of our previous admonishments that it minimize piecemeal litigation by addressing the IJ's adverse credibility findings when considering the initial appeal. *Cordon–Garcia*, 204 F.3d at 993 ("Once again, we strongly encourage the BIA to discuss or expressly adopt, rather than ignore, the IJ's credibility findings in an asylum case."). We therefore remand to the BIA to address the issue of Kaur's credibility.

The government does not dispute that the incidents described by Kaur took

---

1. Because the parties are familiar with the facts of this case, we do not recite them here except as necessary to aid in understanding this disposition.

2. Similarly, the IJ's skepticism that Kaur would have gone to her in-laws' home, rather than her clinic, after the rapes, that she would have access to medicine, and that she would be hesitant to file a complaint against the police, is based on speculation. The IJ even acknowledged that many of the matters on which he found Kaur not credible were "collateral" and therefore not substantial.

place, and the BIA dismissed Kaur's appeal under the assumption that the events occurred. Instead, the government argues that the harm Kaur suffered was not on account of a statutorily enumerated ground. *See* 8 U.S.C. §§ 1158(b)(1), 1101(a)(42)(A) (authorizing the Attorney General to grant asylum to a person who is unwilling or unable to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion").

■ Kaur alleged that the police warned her against speaking about Khalistan, in addition to warning her about testifying on behalf of Jagir Kaur. Thus, as the IJ recognized: "Clearly, if the applicant is to be believed this constitutes a claim based on past persecution on account, at least in part, of imputed political opinions of the applicant." This conclusion is supported by our precedent. *See Shoafera v. INS,* 228 F.3d 1070, 1074 (9th Cir.2000) ("It is clear that rape or sexual assault 'may constitute persecution.'") (quoting *Lopez–Galarza v. INS,* 99 F.3d 954, 959 (9th Cir.1996)); *see also id.* at 1075 (reasoning that the fact that the rapist "might have had more than one motivation for raping Shoafera d[id] not in itself defeat her asylum claim" because an asylum applicant need only "'produce evidence from which it is reasonable to believe that the harm was motivated, at least *in part,* by an actual or implied protected ground'") (quoting *Borja v. INS,* 175 F.3d 732, 736 (9th Cir.1999) (en banc)); *cf. Gafoor v. INS,* 231 F.3d 645, 650 (9th Cir.2000) (stating that an asylum applicant "need not show that his persecutors were motivated solely by a protected ground").

■ Assuming Kaur established past persecution, the Immigration and Naturalization Service ("INS") bears the burden of producing evidence that rebuts, on an individualized basis, the applicant's specific grounds for her fear of future persecution. *Rios v. Ashcroft,* 287 F.3d 895, 901 (9th Cir.2002). In *Rios,* we concluded that the INS had not met this burden, where the IJ merely relied on a State Department report to note that a peace accord had been signed by guerrillas in Guatemala. *Id.* at 901–02. As in *Rios,* the BIA's reliance on a State Department report to note a general abatement in hostilities between the government and the Sikhs does not approach the individualized evidence required to rebut a presumption of future persecution. In particular, the report identifies changes that had adreadly occurred when Kaur allegedly suffered the persecution.

■ Both the IJ and the BIA also relied on the lack of harm to Kaur's family members who remain in India in finding her ineligible for asylum. However, "a petitioner's family's continued safety does not rebut the petitioner's well-founded fear of future persecution when there is no evidence that the family is 'similarly situated or subject to similar risk, and nothing in the record supports an inference that their safety ensures that [petitioner] will be safe.'" *Id.* at 902 (quoting *Lim v. INS,* 224 F.3d 929, 935 (9th Cir.2000)) (alteration in original). There is no such evidence here.

For the foregoing reasons, we remand this case to the BIA in order to address Kaur's credibility.

PETITION FOR REVIEW GRANTED.